■ LOG CABIN REST, INC., Respondent, v. ALPINE WINE & LIQUOR CORP., Appellant.— Plaintiff, an owner of a cabaret, purchased some liquor from defendant, a wholesale distributor. Plaintiff claimed that in a shipment of quarts of whiskey there were three four-fifth quart bottles erroneously labeled

"full quart"; that on the night in question a group of eight persons entered the cabaret and ordered a quart of whiskey; that plaintiff's employee served the mislabeled bottle as a full quart; that the customers upon being charged for a full quart created a disturbance and accused plaintiff in the presence of other customers of running a "clip joint", and that this incident resulted in the loss of customers and income. The complaint was to recover the sum of $25,000 in damages for breach of warranty and negligence. The case was tried before the court without a jury. Plaintiff recovered a judgment of $2,002.05, representing damages of $2.05 on its cause of action for breach of warranty, and $2,000 on its cause of action for negligence. The ground for the finding of negligence is that defendant, who receives shipments from a reliable distiller in loads of 650 to 900 sealed cartons, was duty bound to open the sealed cases for the purpose of inspecting their contents before sale, and its failure to do so constituted negligence. Judgment modified on the law and the facts, so as to provide that plaintiff recover $2.05 on the cause of action for breach of warranty and that the cause of action based on negligence be dismissed. As so modified, judgment unanimously affirmed, without costs. Findings of fact insofar as they may be inconsistent herewith are reversed, and new findings are made as indicated herein. In our opinion it was error to hold that defendant was duty bound to open and inspect the sealed cases, in the absence of proof of such custom and practice in the industry. In any event, the plaintiff, whose employees actually handled the bottle before serving it to the customers, was under a duty of inspection and its failure to inspect and discover the mislabeling constituted contributory negligence. Moreover, plaintiff adduced no competent proof of damages. Present — Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ.